NOT DESIGNATED FOR PUBLICATION

No. 121,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIEL MICHAEL HARRIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 17, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Nathaniel Harris received probation following his convictions for aggravated and domestic battery. He violated several of his probation conditions by committing new crimes—aggravated robbery and possession of a weapon by a felon. The judge revoked Harris' probation and ordered him to serve his underlying 55-month prison sentence. On appeal, Harris argues that the district court abused its discretion in doing so. On Harris' motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

A district court's decision to revoke probation must be based on a factual finding, supported by the record, that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation is within the discretion of the

1

district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Harris' probation violation occurred before the Legislature amended the statute governing probation revocation. L. 2019, ch. 59, § 10. The amendment went into effect July 1, 2019. Neither party argues that the newer version of the statute applies. Under the earlier version of the statute, the district court had to impose intermediate sanctions before ordering that a defendant serve the underlying prison term. K.S.A. 2018 Supp. 22-3716(b)-(c). But sanctions were not required when the defendant had committed a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Nor were sanctions required when the court had granted probation as a result of a dispositional departure, such as when the presumed sentence was imprisonment but the court granted probation instead. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Both exceptions applied here. Harris committed new crimes while on probation. And he received probation from a dispositional departure—the district court granted probation although the presumed punishment for his crimes under the sentencing guidelines was imprisonment. Under either exception, no intermediate sanctions were required before revoking probation.

Since the district court followed the revocation statute, there was no legal error in its decision to revoke probation. And because Harris has not alleged that the district court's decision was based on a factual error, he must show that it was unreasonable.

We find nothing unreasonable about the district court's decision to revoke Harris' probation. Harris' battery convictions stemmed from an incident in which he punched his

girlfriend several times as she sat in a parked car with her children, and in which Harris headbutted a bystander. Although the presumed punishment for that violent behavior under the sentencing guidelines was imprisonment, the district court granted probation because it found that the incident was out of character for Harris. But then a few months later Harris engaged in violent behavior again when he attempted an armed robbery. A reasonable person could agree with the district court that the robbery showed that Harris' behavior was not out of character and that he wasn't a good candidate for probation. Based on our review of the record, we find no abuse of discretion in the district court's decision to revoke probation and impose Harris' underlying 55-month prison sentence.

Affirmed.